**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1479**

KOUAMI DOUNOU; AFANDJI DOUNOU,

             Petitioners,

        v.

MICHAEL B. MUKASEY, Attorney General,

             Respondent.

On Petition for Review of Orders of the Board of Immigration Appeals.

Submitted: December 17, 2008      Decided: January 22, 2009

Before WILKINSON, TRAXLER, and AGEE, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Mina Bahgat, FAYAD & ASSOCIATES, INC., Richmond, Virginia, for Petitioners.  Gregory G. Katsas, Assistant Attorney General, Carol Federighi, Senior Litigation Counsel, Rebecca Hoffberg, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kouami Dounou ("Dounou") and his wife, Afandji Dounou, (collectively "Petitioners"), natives and citizens of Togo, petition for review of two separate orders of the Board of Immigration Appeals ("Board") dismissing their appeals from the immigration judge's decisions denying their requests for asylum, withholding of removal, and protection under the Convention Against Torture. Dounou is the primary applicant for asylum; the claims of his wife are derivative of his application. See 8 U.S.C. § 1158(b)(3) (2006); 8 C.F.R. § 1208.21(a) (2008).

In their petition for review, the Petitioners first argue that they established extraordinary circumstances to excuse Dounou's failure to file his asylum application within one year of his arrival. We lack jurisdiction to review this claim pursuant to 8 U.S.C. § 1158(a)(3) (2006). See Almuhtaseb v. Gonzales, 453 F.3d 743, 747-48 (6th Cir. 2006) (collecting cases). Given this jurisdictional bar, we also cannot review the underlying merits of the Petitioners' asylum claims.

The Petitioners also contend that the immigration judge erred in denying their request for withholding of removal. "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324

2

n.13 (4th Cir. 2002) (citing <u>INS v. Stevic</u>, 467 U.S. 407, 430 (1984)); <u>see</u> 8 C.F.R. § 1208.16(b) (2008).  Based on our review of the record, we find that substantial evidence supports the finding that the Petitioners failed to make the requisite showing before the immigration court.  We therefore uphold the denial of their request for withholding of removal.

Accordingly, we dismiss in part and deny in part the petition for review.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DISMISSED IN PART</u>
<u>AND DENIED IN PART</u>

---

[*] The Petitioners fail to raise any specific issues regarding the denial of their request for protection under the Convention Against Torture in their brief before this court and have therefore waived appellate review of this claim. <u>See</u> Fed. R. App. P. 28(a)(9)(A) ("[T]he argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."); <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 241 n.6 (4th Cir. 1999) ("Failure to comply with the specific dictates of [Rule 28] with respect to a particular claim triggers abandonment of that claim on appeal."); <u>see also</u> <u>Ngarurih v. Ashcroft</u>, 371 F.3d 182, 189 n.7 (4th Cir. 2004).